# EXHIBIT F

# Aug. 19, 2021 Marathon Form S-8 and Ex. 3.1 (Articles of Incorporation)

Registration No. 333-_____

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
**Washington, D.C. 20549**

# FORM S-8
**REGISTRATION STATEMENT UNDER THE SECURITIES ACT OF 1933**

# MARATHON DIGITAL HOLDINGS, INC.
(Exact name of registrant as specified in its charter)

Nevada
(State or other jurisdiction of incorporation or organization)

01-0949984
I.R.S. Employer Identification Number

6794
*(Primary Standard Industrial Code Classification Number)*

1180 North Town Center Drive, Suite 100
Las Vegas, NV 89144
702-945-2773
(Address, including zip code, and telephone number, including area code of registrant's principal executive offices)

Copies to:
**Mr. Fred Thiel**
**Chief Executive Officer**
**Marathon Digital Holdings, Inc.**
**1180 North Town Center Drive, Suite 100**
**Las Vegas, NV 89144**
702-945-2773
*(Address, including zip code, and telephone number,*
*including area code, of agent for service)*

**Copies to:**
**Jolie Kahn, Esq.**
**12 E. 49th Street, 11th floor**
**New York, NY 10017**
**Telephone: (516) 217-6379**
**Facsimile: (866) 705-3071**

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company. See the definitions of "large accelerated filer," "accelerated filer" and "smaller reporting company" in Rule 12b-2 of the Exchange Act. (Check one):

Large accelerated filer ☐      Accelerated filer ☐

Non-accelerated filer ☒      Smaller reporting company ☒

Emerging Growth Company ☐
(Do not check if a smaller reporting company)

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

**CALCULATION OF REGISTRATION FEE**

| Title of Securities to be Registered | Amount to be registered(1) (2) | Proposed maximum offering price per share(3) | Proposed maximum aggregate offering price(3) | Amount of Registration Fee(4) |
|---|---|---|---|---|
| Common Stock, no par value | 7,500,000 shares | $ 33.29 | $ 249,675,000.00 | $ 27,259.34 |

(1) Pursuant to Rule 416 under the Securities Act of 1933, as amended (the "Securities Act"), this registration statement also covers an indeterminate amount of interests to be offered or sold in connection with any stock split, stock dividend or similar transaction, or anti-dilution or other adjustment pursuant to the employee benefit plan described herein.

(2) Includes 7,500,000 additional shares available for issuance under the Registrant's current 2018 Equity Incentive Plan, as a result of the approval by the Registrant's shareholders of an increase in the number of shares available for issuance under the 2018 Equity Incentive Plan by 7,500,000 shares of common stock of the Registrant.

(3) In accordance with Rule 457(n) under the Securities Act, the maximum offering price per share and the proposed maximum aggregate offering price are estimated based on the average of the $34.16 (high) and $32.43 (low) sale price of the Registrant's Common Stock, no par value, as reported on the Nasdaq Capital Market on August 12, 2021, which date is within five business days prior to filing this Registration Statement.

(4) Estimated solely for the purpose of calculating the registration fee in accordance with Rule 457(h) under the Securities Act based on the average of the high and low trading prices of a share of common stock of the registrant on the Nasdaq Capital Market on August 12, 2021.

**STATEMENT OF INCORPORATION BY REFERENCE**

This Registration Statement on Form S-8 is being filed by Marathon Digital Holdings, Inc. (the "Company") to register an additional 7,500,000 shares of the Common Stock of the Company, $0.0001 par value per share (the "Common Stock"), issuable under the Marathon Digital Holdings, Inc. 2018 Incentive Award Plan, as amended (the "Plan") as approved by the Company's shareholders on August 6, 2021 (which replenishes the shares available under the Plan due to the prior issuance of all shares previously available).

Pursuant to General Instruction E of Form S-8, except for Item 3 "Incorporation of Certain Documents by Reference," Item 5 "Interests of Named Experts and Counsel" and Item 8 "Exhibits," the prior Registration Statements relating to the Plan, Registration No. 333-239565 filed with the Securities and Exchange Commission (the "Commission") on June 30, 2020, and Registration No. 333-252950 filed with the Commission on February 10, 2021, remain effective, and the contents of such prior Registration Statements are incorporated in this Registration Statement by reference. In

accordance with the instructional note to Part I of Form S-8 as promulgated by the Commission, the information specified by Part I of the Form S-8 has been omitted from this Registration Statement.

**ITEM 3. INCORPORATION OF CERTAIN DOCUMENTS BY REFERENCE**

The Commission allows us to "incorporate by reference" the information the Company files with the Commission, which means that the Company can disclose important information by referring to those documents. The information incorporated by reference is considered to be part of this Registration Statement, and later information filed with the Commission will update and supersede this information. The Company hereby incorporates by reference into this Registration Statement the following documents previously filed with the Commission:

(a) The Company's Annual Report on Form 10-K for the year ended December 31, 2020, filed with the Commission on March 16, 2021;

(b) The Company's Quarterly Report on Form 10-Q for the fiscal quarter ended March 31, 2021, filed with the Commission on May 10, 2021, as amended and filed on May 12, 2021, and the Company's Quarterly Report on Form 10-Q for the fiscal quarter ended June 30, 2021, filed with the Commission on August 13, 2021;

(c) The Company's Current Reports on Form 8-K filed with the Commission on January 7, 2021, January 15, 2021, January 15, 2021, January 22, 2021, January 26, 2021, March 16, 2021, March 30, 2021, April 30, 2021, May 26, 2021, May 27, 2021, July 19, 2021, July 22, 2021, August 4, 2021 and August 11, 2021;

(d) The description of our Common Stock contained in the Company's Registration Statement on Form 8-A, filed with the Commission on September 16, 2016 under the Securities Act of 1934, as amended (the "Exchange Act"), and any amendment or report filed with the Commission for the purpose of updating the description.

In addition, all documents filed by the Company pursuant to Section 13(a), 13(c), 14 or 15(d) of the Exchange Act subsequent to the filing of this Registration Statement and prior to the filing of a post-effective amendment which indicates that all securities offered hereby have been sold or which de-registers all securities then remaining unsold shall be deemed to be incorporated by reference into this Registration Statement and to be a part hereof from the date of filing such documents, except as to specific sections of such statements as set forth therein. Any statement contained in a document incorporated or deemed to be incorporated by reference herein shall be deemed to be modified or superseded for purposes of this Registration Statement to the extent that a statement contained herein or in any other subsequently filed document which also is incorporated or deemed to be incorporated by reference herein modifies or supersedes such statement. Any statement contained herein shall be deemed to be modified or superseded for purposes of this Registration Statement to the extent that a statement contained in any subsequently filed document which also is incorporated or deemed to be incorporated by reference herein modifies or supersedes such statement. Any such statement so modified or superseded shall not be deemed, except as so modified or superseded, to constitute a part of this registration statement.

The Company is not, however, incorporating by reference any documents or portions thereof, whether specifically listed above or filed in the future, that are not deemed "filed" with the Commission, including any information furnished pursuant to Items 2.02 or 7.01 of Form 8-K or related exhibits furnished pursuant to Item 9.01 of Form 8-K.

**ITEM 5. INTERESTS OF NAMED EXPERTS AND COUNSEL**

The validity of the securities being registered by this Registration Statement will be passed upon for the Company by Jolie Kahn, Esq., who owns 75,000 restricted stock units, which commenced vesting on a quarterly basis on June 30, 2020.

II-1

**ITEM 6. INDEMNIFICATION OF DIRECTORS AND OFFICERS**

Nevada Revised Statutes Sections 78.7502 and 78.751 provide us with the power to indemnify any of our directors and officers. The director or officer must have conducted himself/herself in good faith and reasonably believe that his/her conduct was in, or not opposed to, our best interests. In a criminal action, the director, officer, employee or agent must not have had reasonable cause to believe his/her conduct was unlawful.

Under Nevada Revised Statutes Section 78.751, advances for expenses may be made by agreement if the director or officer affirms in writing that he/she believes he/she has met the standards and will personally repay the expenses if it is determined such officer or director did not meet the standards.

Our Articles of Incorporation provide that our officers and directors shall be indemnified and held harmless to the fullest extent legally permissible under the laws of the State of Nevada against all expenses, liability and loss (including attorneys' fees, judgments, fines and amounts paid to or to be paid in settlement) reasonably incurred or suffered by them in connection with any civil, criminal, administrative or investigative action, suit or proceeding related to their service as an officer or director. Such right of indemnification shall be a contract right which may be enforced in any manner desired by such person. We must pay the expenses of officers and directors incurred in defending a civil or criminal action, suit or proceeding as they are incurred and in advance of the final disposition of the action, suit or proceeding, upon receipt of an undertaking by or on behalf of the director or officer to repay the amount if it is ultimately determined by a court of competent jurisdiction that he is not entitled to be indemnified by us. Such right of indemnification shall not be exclusive of any other right which such directors or officers may have or hereafter acquire.

Our Articles of Incorporation provide that we may adopt bylaws to provide at all times the fullest indemnification permitted by the laws of the State of Nevada, and may purchase and maintain insurance on behalf of any of officers and directors. The indemnification provided in our Articles of Incorporation shall continue as to a person who has ceased to be a director, officer, employee or agent, and shall inure to the benefit of the heirs, executors and administrators of such person.

Our Bylaws provide that a director or officer shall have no personal liability to us or our stockholders for damages for breach of fiduciary duty as a director or officer, except for damages for breach of fiduciary duty resulting from (a) acts or omissions which involve intentional misconduct, fraud, or a knowing violation of law, or (b) the payment of dividends in violation of Nevada Revised Statutes Section 78.300.

**ITEM 7. EXEMPTION FROM REGISTRATION CLAIMED**

Not applicable.

**ITEM 8. EXHIBITS**

| Exhibit Number | Description of Document |
|---|---|
| 3.1 | Amended and Restated Articles of Incorporation of the Company dated November 25, 2011. (1) |
| 3.2 | Certificate of Amendment to Articles of Incorporation dated February 15, 2013. (2) |
| 3.3 | Certificate of Amendment to Amended and Restated Articles of Incorporation dated July 18, 2013 (3) |
| 3.4 | Certificate of Amendment to Articles of Incorporation dated October 25, 2017. (4) |
| 3.5 | Amended and Restated Bylaws of the Company dated November 25, 2011. (5) |
| 3.6 | Certificate of Amendment to Articles of Incorporation dated April 8, 2019 (10) |
| 4.1 | Certificate of Designation of Preferences, Rights and Limitations of Series B Convertible Preferred Stock. (6) |
| 4.2 | Certificate of Designation of Rights, Powers, Preferences, Privileges and Restrictions of 0% Series E Convertible Preferred Stock. (7) |
| 4.3 | Certificate of Correction to Certificate of Designation of Rights, Powers, Preferences, Privileges and Restrictions of 0% Series E Convertible Preferred Stock. (8) |
| 4.4 | Form of proposed Certificate of Designation of Preferences, Rights and Limitations of 0% Series E-1 Convertible Preferred Stock. (9) |

| | |
|---|---|
| 4.5 | 2018 Equity Incentive Plan, as amended* |
| 5.1 | Opinion of Jolie Kahn, Esq.* |
| 23.1 | Consent of RBSM, LLP* |
| 23.2 | Consent of Jolie Kahn, Esq. (contained in Exhibit 5.1) |

(1) Previously filed as Exhibit 3.1 to Current Report on Form 8-K filed December 9, 2011 and incorporated herein by reference.
(2) Previously filed as Exhibit 3.1 to Current Report on Form 8-K filed February 20, 2013 and incorporated herein by reference.
(3) Previously filed as Exhibit 3.1 to Current Report on Form 8-K filed July 19, 2013 and incorporated herein by reference.
(4) Previously filed as Exhibit 3.4 to Registration Statement on Form S-4 filed January 24, 2018 and incorporated herein by reference.
(5) Previously filed as Exhibit 3.2 to Current Report on Form 8-K filed December 9, 2011 and incorporated herein by reference.
(6) Previously filed as Exhibit 3.2 to Current Report on Form 8-K filed May 7, 2014 and incorporated herein by reference.
(7) Previously filed as Exhibit 4.1 to Current Report on Form 8-K filed December 1, 2017 and incorporated herein by reference.
(8) Previously filed as Exhibit 4.1 to Current Report on Form 8-K filed December 22, 2017 and incorporated herein by reference.
(9) Previously filed as Exhibit 4.4 to Registration Statement on Form S-4 filed January 24, 2018 and incorporated herein by reference.
(10) Previously filed as Exhibit 3.1 to Current Report on Form 8-K filed on April 8, 2019 and incorporated herein by reference.
*Filed herewith.

II-2

**ITEM 9. UNDERTAKINGS**

(a) The undersigned registrant hereby undertakes:

(1) To file, during any period in which offers or sales are being made, a post-effective amendment to this registration statement:

(i) To include any prospectus required by section 10(a)(3) of the Securities Act of 1933, as amended (the "Securities Act");

(ii) To reflect in the prospectus any facts or events arising after the effective date of the registration statement (or the most recent post-effective amendment thereof) which, individually or in the aggregate, represent a fundamental change in the information set forth in the registration statement. Notwithstanding the foregoing, any increase or decrease in volume of securities offered (if the total dollar value of securities offered would not exceed that which was registered) and any deviation from the low or high end of the estimated maximum offering range may be reflected in the form of prospectus filed with the Commission pursuant to Rule 424(b) if, in the aggregate, the changes in volume and price represent no more than 20% change in the maximum aggregate offering price set forth in the "Calculation of Registration Fee" table in the effective registration statement.

(iii) To include any material information with respect to the plan of distribution not previously disclosed in the registration statement or any material change to such information in the registration statement;

provided, however, Paragraphs (a)(1)(i), (a)(1)(ii) and (a)(1)(iii) of this section do not apply if the registration statement is on Form S-3 and the information required to be included in a post-effective amendment by those paragraphs is contained in reports filed with or furnished to the Commission by the registrant pursuant to section 13 or section 15(d) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") that are incorporated by reference in the registration statement, or is contained in a form of prospectus filed pursuant to Rule 424(b) that is part of the registration statement.

(2) That, for the purpose of determining any liability under the Securities Act, each such post-effective amendment shall be deemed to be a new registration statement relating to the securities offered therein, and the offering of such securities at that time shall be deemed to be the initial bona fide offering thereof.

(3) To remove from registration by means of a post-effective amendment any of the securities being registered which remain unsold at the termination of the offering.

(4) That, for the purpose of determining liability under the Securities Act to any purchaser:

(i) Each prospectus filed by the registrant pursuant to Rule 424(b)(3) shall be deemed to be part of the registration statement as of the date the filed prospectus was deemed part of and included in the registration statement; and

(ii) Each prospectus required to be filed pursuant to Rule 424(b)(2), (b)(5), or (b)(7) as part of a registration statement in reliance on Rule 430B relating to an offering made pursuant to Rule 415(a)(1)(i), (vii), or (x) for the purpose of providing the information required by section 10(a) of the Securities Act shall be deemed to be part of and included in the registration statement as of the earlier of the date such form of prospectus is first used after effectiveness or the date of the first contract of sale of securities in the offering described in the prospectus. As provided in Rule 430B, for liability purposes of the issuer and any person that is at that date an underwriter, such date shall be deemed to be a new effective date of the registration statement relating to the securities in the registration statement to which that prospectus relates, and the offering of such securities at that time shall be deemed to be the initial bona fide offering thereof. Provided, however, that no statement made in a registration statement or prospectus that is part of the registration statement or made in a document incorporated or deemed incorporated by reference into the registration statement or prospectus that is part of the registration statement will, as to a purchaser with a time of contract of sale prior to such effective date, supersede or modify any statement that was made in the registration statement or prospectus that was part of the registration statement or made in any such document immediately prior to such effective date; or

II-3

(5) That, for the purpose of determining liability of the registrant under the Securities Act to any purchaser in the initial distribution of the securities, the undersigned registrant undertakes that in a primary offering of securities of the undersigned registrant pursuant to this registration statement, regardless of the underwriting method used to sell the securities to the purchaser, if the securities are offered or sold to such purchaser by means of any of the following communications, the undersigned registrant will be a seller to the purchaser and will be considered to offer or sell such securities to such purchaser:

(i) Any preliminary prospectus or prospectus of the undersigned registrant relating to the offering required to be filed pursuant to Rule 424;

(ii) Any free writing prospectus relating to the offering prepared by or on behalf of the undersigned registrant or used or referred to by the undersigned registrant;

(iii) The portion of any other free writing prospectus relating to the offering containing material information about the undersigned registrant or its securities provided by or on behalf of the undersigned registrant; and

(iv) Any other communication that is an offer in the offering made by the undersigned registrant to the purchaser.

(b) The registrant hereby undertakes that, for purposes of determining any liability under the Securities Act, each filing of the registrant's annual report pursuant to section 13(a) or section 15(d) of the Exchange Act (and, where applicable, each filing of an employee benefit plan's annual report pursuant to section 15(d) of the Exchange Act) that is incorporated by reference in the registration statement shall be deemed to be a new registration statement relating to the securities offered therein, and the offering of such securities at that time shall be deemed to be the initial bona fide offering thereof.

(c) Insofar as indemnification for liabilities arising under the Securities Act may be permitted to directors, officers and controlling persons of the

3

registrant pursuant to the foregoing provisions, or otherwise, the registrant has been advised that in the opinion of the Securities and Exchange Commission such indemnification is against public policy as expressed in the Securities Act and is, therefore, unenforceable. In the event that a claim for indemnification against such liabilities (other than the payment by the registrant of expenses incurred or paid by a director, officer or controlling person of the registrant in the successful defense of any action, suit or proceeding) is asserted by such director, officer or controlling person in connection with the securities being registered, the registrant will, unless in the opinion of its counsel the matter has been settled by controlling precedent, submit to a court of appropriate jurisdiction the question whether such indemnification by it is against public policy as expressed in the Securities Act and will be governed by the final adjudication of such issue.

(d) The registrant hereby undertakes that:

(1) For purposes of determining any liability under the Securities Act, the information omitted from the form of prospectus filed as part of this registration statement in reliance upon Rule 430A and contained in a form of prospectus filed by the registrant pursuant to Rule 424(b)(1) or (4) or 497(h) under the Securities Act shall be deemed to be part of this registration statement as of the time it was declared effective.

(2) For the purpose of determining any liability under the Securities Act, each post-effective amendment that contains a form of prospectus shall be deemed to be a new registration statement relating to the securities offered therein, and the offering of such securities at that time shall be deemed to be the initial bona fide offering thereof.

## SIGNATURES

Pursuant to the requirements of the Securities Act of 1933, as amended, the registrant certifies that it has reasonable grounds to believe that it meets all of the requirements for filing on Form S-8 and has duly caused this registration statement to be signed on its behalf by the undersigned, thereunto duly authorized, in the City of Las Vegas, and State of Nevada, on the 19 day of August, 2021.

**MARATHON DIGITAL HOLDINGS, INC.**

By: */s/ Fred Thiel*
Name: Fred Thiel
Title: Chief Executive Officer and Director

By: */s/ Simeon Salzman*
Name: Simeon Salzman
Title: Chief Financial Officer

Pursuant to the requirements of the Securities Act, this registration statement has been signed below by the following persons in the capacities and on the dates indicated.

Pursuant to the requirements of the Securities Exchange Act of 1934, this report has been signed below by the following persons on behalf of the registrant and in the capacities and on the dates indicated.

| Signature | Title | Date |
|---|---|---|
| */s/ Merrick Okamoto*<br>Merrick Okamoto | Executive Chairman and Director<br>(Principal Executive Officer) | August 19, 2021 |
| */s/ Simeon Salzman*<br>Simeon Salzman | Chief Financial Officer (Principal Financial and Accounting Officer) | August 19, 2021 |
| */s/ Fred Thiel*<br>Fred Thiel | Chief Executive Officer and Director | August 19, 2021 |
| */s/ Georges Antoun*<br>Georges Antoun | Director | August 19, 2021 |
| */s/ Jay Leupp*<br>Jay Leupp | Director | August 19, 2021 |
| */s/ Kevin DeNuccio*<br>Kevin DeNuccio | Director | August 19, 2021 |
| */s/ Sarita James*<br>Sarita James | Director | August 19, 2021 |
| */s/ Said Ouissal*<br>Said Ouissal | Director | August 19, 2021 |

EX-3.1 2 q1100292_ex3-1.htm AMENDED AND RESTATED CERTIFICATE OF INCORPORATION

## STATE OF NEVADA

**ROSS MILLER**
Secretary of State



*SCOTT W. ANDERSON*
Deputy Secretary
for Commercial Recordings

**OFFICE OF THE**
**SECRETARY OF STATE**

## Certified Copy

December 7, 2011

**Job Number:**        C20111207-1755
**Reference Number:**
**Expedite:**
**Through Date:**

The undersigned filing officer hereby certifies that the attached copies are true and exact copies of all requested statements and related subsequent documentation filed with the Secretary of State's Office, Commercial Recordings Division listed on the attached report.

| Document Number(s) | Description | Number of Pages |
|---|---|---|
| 20110863585-99 | Amended & Restated Articles | 7 Pages/1 Copies |

Respectfully,

ROSS MILLER
Secretary of State

Certified By: Richard Sifuentes
Certificate Number: C20111207-1755
You may verify this certificate
online at **http://www.nvsos.gov/**

**Commercial Recording Division**
202 N. Carson Street
Carson City, Nevada 89701-4069
Telephone (775) 684-5708
Fax (775) 684-7138

7



**ROSS MILLER**
Secretary of State
204 North Carson Street, Suite 1
Carson City, Nevada 89701-4520
(775) 684-5708
Website: www.nvsos.gov

*090501*

| Filed in the office of | Document Number |
|---|---|
| *Ross Miller* | 20110863585-99 |
| Ross Miller | Filing Date and Time |
| Secretary of State | 12/07/2011 12:45 PM |
| State of Nevada | Entity Number |
| | E0079682010-9 |

## Certificate to Accompany Restated Articles or Amended and Restated Articles
### (PURSUANT TO NRS)

ABOVE SPACE IS FOR OFFICE USE ONLY

USE BLACK INK ONLY - DO NOT HIGHLIGHT

**This Form is to Accompany Restated Articles or Amended and Restated Articles of Incorporation**
(Pursuant to NRS 78.403, 82.371, 86.221, 87A, 88.355 or 88A.250)
(This form is also to be used to accompany Restated Articles or Amended and Restated Articles for Limited-Liability Companies, Certificates of Limited Partnership, Limited-Liability Limited Partnerships and Business Trusts)

1. Name of Nevada entity as last recorded in this office:
Verve Ventures Inc.

2. The articles are: (mark only one box)  ☐ Restated   ☒ Amended and Restated
Please entitle your attached articles "Restated" or "Amended and Restated," accordingly.

3. Indicate what changes have been made by checking the appropriate box:*

☐ No amendments; articles are restated only and are signed by an officer of the corporation who has been authorized to execute the certificate by resolution of the board of directors adopted on:
The certificate correctly sets forth the text of the articles or certificate as amended to the date of the certificate.

☒ The entity name has been amended.

☒ The registered agent has been changed. (attach Certificate of Acceptance from new registered agent)

☐ The purpose of the entity has been amended.

☒ The authorized shares have been amended.

☐ The directors, managers or general partners have been amended.

☐ IRS tax language has been added.

☐ Articles have been added.

☐ Articles have been deleted.

☒ Other. The articles or certificate have been amended as follows: (provide article numbers, if available)
ARTICLE I. NAME: The name of the corporation is American Strategic Minerals Corporation (the "Corporation")
***See attached Amended and Restated Articles of Incorporation of Verve Ventures Inc. for complete document***

4. Effective date and time of filing: (optional)   Date:   Time:
(must not be later than 90 days after the certificate is filed)

* This form is to accompany Restated Articles or Amended and Restated Articles which contain newly altered or amended articles. The Restated Articles must contain all of the requirements as set forth in the statutes for amending or altering the articles for certificates.
IMPORTANT: ...

9



*090201*



**ROSS MILLER**
Secretary of State
204 North Carson Street, Suite 1
Carson City, Nevada 89701-4520
(775) 684-5708
Website: www.nvsos.gov

---

## Certificate of Amendment
(PURSUANT TO NRS 78.385 AND 78.390)

---

USE BLACK INK ONLY - DO NOT HIGHLIGHT            ABOVE SPACE IS FOR OFFICE USE ONLY

### Certificate of Amendment to Articles of Incorporation
### For Nevada Profit Corporations
**(Pursuant to NRS 78.385 and 78.390 - After Issuance of Stock)**

1. Name of corporation:

Verve Ventures Inc.

2. The articles have been amended as follows: (provide article numbers, if available)

3. The vote by which the stockholders holding shares in the corporation entitling them to exercise a least a majority of the voting power, or such greater proportion of the voting power as may be required in the case of a vote by classes or series, or as may be required by the provisions of the articles of incorporation* have voted in favor of the amendment is:      51%

4. Effective date of filing: (optional)

                                   (must not be later than 90 days after the certificate is filed)

5. Signature: (required)

**X** _____

Signature of Officer

*If any proposed amendment would alter or change any preference or any relative or other right given to any class or series of outstanding shares, then the amendment must be approved by the vote, in addition to the affirmative vote otherwise required, of the holders of shares representing a majority of the voting power of each class or series affected by the amendment regardless to limitations or restrictions on the voting power thereof.

**IMPORTANT:** Failure to include any of the above information and submit with the proper fees may cause this filing to be rejected.

*This form must be accompanied by appropriate fees.*

Nevada Secretary of State Amend Profit-After
Revised: 3-6-09

10

https://www.sec.gov/Archives/edgar/data/1507605/000152153611000518/q1100292_ex3-1.htm

## AMENDED AND RESTATED

## ARTICLES OF INCORPORATION

## OF

## VERVE VENTURES INC.,

### A Nevada corporation

### ARTICLE I

### NAME

The name of the corporation is American Strategic Minerals Corporation (the "Corporation").

### ARTICLE II

### RESIDENT AGENT AND REGISTERED OFFICE

The name and address of the Corporation's resident agent for service of process is National Corporate Research, Ltd., 202 South Minnesota Street, Carson City, NV 89703.

### ARTICLE III

### CAPITAL STOCK

3.01 *Authorized Capital Stock.* The total number of shares of stock this Corporation is authorized to issue shall be two hundred fifty million (250,000,000) shares. This stock shall be divided into two classes to be designated as "Common Stock" and "Preferred Stock."

3.02 *Common Stock.* The total number of authorized shares of Common Stock shall be two hundred million (200,000,000) shares with par value of $0.0001 per share.

3.03 *Preferred Stock.* The total number of authorized shares of Preferred Stock shall be fifty million (50,000,000) shares with par value of $0.0001 per share. The board of directors shall have the authority to authorize the issuance of the Preferred Stock from time to time in one or more classes or series, and to state in the resolution or resolutions from time to time adopted providing for the issuance thereof the following:

https://www.sec.gov/Archives/edgar/data/1507605/000152153611000518/q1100292_ex3-1.htm    8/17

(a)  Whether or not the class or series shall have voting rights, full or limited, the nature and qualifications, limitations and restrictions on those rights, or whether the class or series will be without voting rights;

(b)  The number of shares to constitute the class or series and the designation thereof;

(c)  The preferences and relative, participating, optional or other special rights, if any, and the qualifications, limitations, or restrictions thereof, if any, with respect to any class or series;

(d)  Whether or not the shares of any class or series shall be redeemable and if redeemable, the redemption price or prices, and the time or times at which, and the terms and conditions upon which, such shares shall be redeemable and the manner of redemption;

(e)  Whether or not the shares of a class or series shall be subject to the operation of retirement or sinking funds to be applied to the purchase or redemption of such shares for retirement, and if such retirement or sinking funds be established, the amount and the terms and provisions thereof;

(f)  The dividend rate, whether dividends are payable in cash, stock of the Corporation, or other property, the conditions upon which and the times when such dividends are payable, the preference to or the relation to the payment of dividends payable on any other class or classes or series of stock, whether or not such dividend shall be cumulative or noncumulative, and if cumulative, the date or dates from which such dividends shall accumulate;

(g)  The preferences, if any, and the amounts thereof which the holders of any class or series thereof are entitled to receive upon the voluntary or involuntary dissolution of, or upon any distribution of assets of, the Corporation;

(h)  Whether or not the shares of any class or series are convertible into, or exchangeable for, the shares of any other class or classes or of any other series of the same or any other class or classes of stock of the Corporation and the conversion price or prices or ratio or ratios or the rate or rates at which such exchange may be made, with such adjustments, if any, as shall be stated and expressed or provided for in such resolution or resolutions; and

(i)  Such other rights and provisions with respect to any class or series as may to the board of directors seem advisable.

The shares of each class or series of the Preferred Stock may vary from the shares of any other class or series thereof in any respect. The Board of Directors may increase the number of shares of the Preferred Stock designated for any existing class or series by a resolution adding to such class or series authorized and unissued shares of the Preferred

14

15

Stock not designated for any existing class or series of the Preferred Stock and the shares so subtracted shall become authorized, unissued and undesignated shares of the Preferred Stock.

## ARTICLE IV

### DIRECTORS

The number of directors comprising the board of directors shall be fixed and may be increased or decreased from time to time in the manner provided in the bylaws of the Corporation, except that at no time shall there be less than one director.

## ARTICLE V

### PURPOSE

The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under Nevada Revised Statutes ("NRS").

## ARTICLE VI

### DIRECTORS' AND OFFICERS' LIABILITY

The individual liability of the directors and officers of the Corporation is hereby eliminated to the fullest extent permitted by the NRS, as the same may be amended and supplemented. Any repeal or modification of this Article by the stockholders of the Corporation shall be prospective only, and shall not adversely affect any limitation on the personal liability of a director or officer of the Corporation for acts or omissions prior to such repeal or modification.

## ARTICLE VII

### INDEMNITY

Every person who was or is a party to, or is threatened to be made a party to, or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that he, or a person of whom he is the legal representative, is or was a director or officer of the Corporation, or is or was serving at the request of the Corporation as a director or officer of another corporation, or as its representative in a partnership, joint venture, trust or other enterprise, shall be indemnified and held harmless to the fullest extent legally permissible under the laws of the State of Nevada from time to time against all expenses, liability and loss (including attorneys' fees, judgments, fines and amounts paid or to be paid in settlement) reasonably incurred or suffered by him in connection therewith. Such right of indemnification shall

16

https://www.sec.gov/Archives/edgar/data/1507605/000152153611000518/q1100292_ex3-1.htm

be a contract right which may be enforced in any manner desired by such person. The expenses of officers and directors incurred in defending a civil or criminal action, suit or proceeding must be paid by the Corporation as they are incurred and in advance of the final disposition of the action, suit or proceeding, upon receipt of an undertaking by or on behalf of the director or officer to repay the amount if it is ultimately determined by a court of competent jurisdiction that he is not entitled to be indemnified by the Corporation. Such right of indemnification shall not be exclusive of any other right which such directors, officers or representatives may have or hereafter acquire, and, without limiting the generality of such statement, they shall be entitled to their respective rights of indemnification under any bylaw, agreement, vote of stockholders, provision of law, or otherwise, as well as their rights under this Article.

Without limiting the application of the foregoing, the board of directors may adopt bylaws from time to time with respect to indemnification, to provide at all times the fullest indemnification permitted by the laws of the State of Nevada, and may cause the Corporation to purchase and maintain insurance on behalf of any person who is or was a director or officer of the Corporation, or is or was serving at the request of the Corporation as director or officer of another corporation, or as its representative in a partnership, joint venture, trust or other enterprises against any liability asserted against such person and incurred in any such capacity or arising out of such status, whether or not the Corporation would have the power to indemnify such person.

The indemnification provided in this Article shall continue as to a person who has ceased to be a director, officer, employee or agent, and shall inure to the benefit of the heirs, executors and administrators of such person.

Dated: November 25, 2011

Leslie Clitheroe, CEO

18





ROSS MILLER
Secretary of State
202 North Carson Street
Carson City, Nevada 89701-4201
(775) 684-5708
Website: www.nvsos.gov

## Registered Agent Acceptance
(PURSUANT TO NRS 77.310)

This form may be submitted by: a Commercial Registered Agent,
Noncommercial Registered Agent or Represented Entity. For more
information please visit http://www.nvsos.gov/index.aspx?page=141

USE BLACK INK ONLY - DO NOT HIGHLIGHT

ABOVE SPACE IS FOR OFFICE USE ONLY

*181102*

### Certificate of Acceptance of Appointment by Registered Agent

In the matter of                          Verve Ventures Inc.
                                   Name of Represented Business Entity

I,                          National Corporate Research, Ltd.                          am a:
          Name of Appointed Registered Agent   OR   Represented Entity Serving as Own Agent*

(complete only one)

a) [✓] commercial registered agent listed with the Nevada Secretary of State.

b) [ ] noncommercial registered agent with the following address for service of process:

| Street Address | City | Nevada Zip Code |

| Mailing Address (if different from street address) | City | Nevada Zip Code |

c) [ ] represented entity accepting own service of process at the following address:

Title of Office or Position of Person in Represented Entity

| Street Address | City | Nevada Zip Code |

| Mailing Address (if different from street address) | City | Nevada Zip Code |

and hereby state that on _____ I accepted the appointment as registered agent for
                              Date
the above named business entity.

X  Ann Marie Cumaina                          December 6, 2011
Authorized Signature of R.A. or On Behalf of R.A. Company                          Date

*If changing Registered Agent when reinstating, officer's signature required.

X  2G Fitts                          12/6/2011
Signature of Officer                          Date

Nevada Secretary of State Form RA Acceptance
Revised: 5-13-10

20

21